# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MICHAEL HARMON,**
**Claimant Below, Petitioner**

**FILED**

February 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 16-0192**  (BOR Appeal No. 2050652)
(Claim No. 2013003051)

**GLOBE SPECIALTY METALS,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Michael Harmon, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Globe Specialty Metals, by Daniel Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 5, 2016, in which the Board affirmed a June 25, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 17, 2014, decision denying a request for authorization of treatment in Montgomery General Hospital's Physician Clinic. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Harmon sustained a head injury in the course of his employment on July 23, 2012, when he struck his head on a piece of machinery.[1] On October 2, 2013, Saghir Mir, M.D., performed an independent medical evaluation and opined that Mr. Harmon has reached

---

[1] The evidentiary record in the instant case is extremely limited. Although it is clear that Mr. Harmon's claim for workers' compensation benefits was held compensable, it is unclear what specific diagnoses were added as compensable components of the claim.

1

maximum medical improvement with respect to the July 23, 2012, injury and requires no further treatment. In the instant appeal, Mr. Harmon is requesting authorization for treatment in Montgomery General Hospital's Physician Clinic.[2] On July 17, 2014, the claims administrator denied the request for authorization of treatment in Montgomery General Hospital's Physician Clinic based upon Dr. Mir's conclusion that Mr. Harmon does not require further treatment with respect to the July 23, 2012, injury.

In its Order affirming the July 17, 2014, claims administrator's decision, the Office of Judges held that Mr. Harmon failed to demonstrate that the requested treatment constitutes medically necessary and reasonably required treatment in relation to the July 23, 2012, injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated February 5, 2016. On appeal, Mr. Harmon asserts that the evidence of record demonstrates that the requested treatment in Montgomery General Hospital's Physician Clinic is necessary for the ongoing treatment of the July 23, 2012, injury.

The Office of Judges noted that in addition to failing to submit the treatment request into evidence, Mr. Harmon failed to submit any medical evidence in support of his request for authorization of treatment in Montgomery General Hospital's Physician Clinic. Therefore, the Office of Judges found that the only pertinent medical evidence of record is Dr. Mir's report in which he opined that Mr. Harmon requires no further treatment in relation to the July 23, 2012, injury. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

---

[2] Mr. Harmon has not submitted the treatment request or any other medical evidence in support of his appeal.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker